UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-MC-10294-RWZ

SEALED

v.

SEALED

MEMORANDUM OF DECISION AND ORDER

September 1, 2005

ZOBEL, D.J.

The United States filed a Criminal Complaint that alleged defendant Donnelle Joyner's participation in a conspiracy to distribute cocaine and cocaine base. After his arrest, the government moved for his pre-trial detention. Upon review of the record, Magistrate Swartwood found probable cause that defendant committed an offense subject to a maximum term of imprisonment for ten or more years under the Controlled Substances Act. Although this ruling established a rebuttable presumption that any and all conditions would be insufficient to ensure safety to the community or the defendant's appearance at trial and thus shifted the burden of production to defendant, the government retained the ultimate burden of persuasion. See 18 U.S.C. 3142(e) and (f). See, also, United States v. O'Brien, 895 F.2d 810, 814-15 (1st Cir. 1990). As to that ultimate burden, Magistrate Swartwood found the government's evidence wanting as to defendant's risk of flight or danger to the community and, therefore, denied the motion but, upon request by the government, stayed the order for release. The government now moves for revocation of the release order on the continued assertion that no

condition or combination of conditions would reasonably assure safety to the community upon defendant's release.

According to the government, defendant's release would compromise community safety, because defendant possessed guns, allegedly participated significantly in the drug conspiracy outlined in the Criminal Complaint, and may have been involved in some form or fashion in the murder of another individual with ties to drug dealing in the Boston area. In addition to the record before Magistrate Swartwood, the evidence to support this argument includes live testimony at a hearing before this Court by a Boston Housing Authority Police Officer assigned to a Drug Task Force under the aegis of the Drug Enforcement Administration ("DEA") who served as the case agent on the investigation of the alleged conspiracy. The government also presented new evidence of telephone conversations between co-conspirators and, infrequently, defendant.

Even with these additional offerings, the record lacks clear and convincing evidence in support of detention. This Court's de novo review of the full record agrees with Magistrate Swartwood's findings that while probable cause exists, the evidence does not identify defendant as a major player in the alleged conspiracy. The Court is unpersuaded that the intercepted telephone calls compel the inference that defendant "cooked" cocaine into crack cocaine, and even the agent testified at the revocation hearing that he did not consider defendant to be among the leaders. The intercepted calls are no clearer on defendant's alleged possession of any firearms. While the transcript in fact contains the word "guns" as spoken by co-conspirators who also discussed defendant, the context and intended meaning of the statements at issue remain subject to more than one interpretation. The government has no direct

evidence of firearm possession by defendant, and the only eyewitness to an alleged firearm purchase by defendant is a co-conspirator who has already recanted his statements initially made to law enforcement. Moreover, defendant has no criminal history of illegally possessing firearms. With respect to the allegation of defendant's alleged involvement in a drug-related murder, the record is devoid of any evidence that ties defendant to the murder in any way except the assertion that defendant was one of the last people to speak with the deceased, who apparently was a friend of defendant.

Accordingly, the government's motion is denied. Defendant's release is allowed on the following conditions:

$25,000 unsecured bond

Report to Pretrial Services as directed

Maintain residence

Maintain employment and provide verification by payroll stubs

Random drug testing

No dangerous weapons

Refrain from illegal drug use

Travel restricted to Massachusetts

Not to apply for passport

Statutory conditions of release

Notify Pretrial within 24 hours of any new arrests

September 1, 2005
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

3